Filed 4/15/25  P. v. Riel CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES DELL RIEL,<br><br>    Defendant and Appellant. | C099455<br><br>(Super. Ct. Nos. CRF86-07881-01, 86-7881)<br><br>OPINION ON TRANSFER |

Defendant Charles Dell Riel earlier appealed the trial court's rulings (1) denying his request for appointment of counsel for a resentencing hearing under Penal Code section 1172.75 (statutory section citations that follow are found in the Penal Code unless otherwise stated); and (2) denying his motion to reconsider that ruling.  The trial court's ruling was "without prejudice pending a proper referral from the Secretary of the Department of Corrections and Rehabilitation pursuant to Penal Code section 1172.75."

We originally filed an opinion in this matter affirming the trial court's orders because nothing in the record demonstrated that the trial court had received notice from the California Department of Corrections and Rehabilitation (the Department) that

1

defendant was potentially eligible for section 1172.75 resentencing, a condition precedent to the trial court having jurisdiction to engage in section 1172.75 review.

After we filed our original opinion, the California Supreme Court granted defendant's petition for review and later returned the matter to us to reconsider our earlier opinion given the Attorney General's concession in the Supreme Court that "the case list with Riel's information was in fact transmitted to the Shasta County Superior Court, meaning . . . the jurisdictional issue identified by the courts below would not have been an impediment to considering resentencing."

We now vacate our original opinion.

In light of the Attorney General's concession that the list was transmitted to the trial court; and thus, the trial court has jurisdiction to consider defendant's eligibility for resentencing, we will return this case to the trial court to further consider defendant's motion to strike special circumstances finding or to modify judgment (June 7, 2023) and request for appointment of counsel (June 7, 2023) (resentencing motions).

## DISPOSITION

The trial court's rulings are reversed and the matter is remanded to the trial court to decide defendant's resentencing motions filed June 7, 2023.

_____

HULL, Acting P. J.

We concur:

_____

KRAUSE, J.

_____

FEINBERG, J.

2